## DAVIS v. MOBILE & O. R. CO.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1912.)

No. 2,179.

CARRIERS (§ 202*)—EXCESSIVE RATE—REPARATION—RECOVERY.

Under the rule that the only person damaged by a carrier's charge of an excessive rate is the person actually compelled to pay such rate, a complaint by a shipper to recover reparation, alleging that his business had been injured by the charge of the excessive rate, in that the price and value of his lumber shipped was reduced and diminished to the extent of the excess of the rate, but failing to allege that he paid the freight on the shipment made by him, or that it was paid by any one for him, or on his account, was demurrable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. § 202.*]

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

Suit by B. B. Davis against the Mobile & Ohio Railroad Company. From a judgment of dismissal on demurrer, plaintiff brings error. Affirmed.

The plaintiff in error, plaintiff below, brought suit against the defendant in error, defendant below, to recover damages growing out of an excessive freight charge of 2 cents per hundred pounds on yellow pine lumber in car

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

load lots. The increased rate of 2 cents per hundred pounds over the old rate was held to be unreasonable by the Interstate Commission. The contest between the millowners, the shippers, the consignees and the railroads was prolonged and vigorously prosecuted. See Southern Pine Lumber Company v. Southern Railway Company, 14 Interst. Com. R. 195; Nicola, Stone & Myers Company v. L. & N. R. R. Co., 14 Interst. Com. R. 199; Central Yellow Pine Ass'n v. Illinois Cent. R. Co., 10 Interst. Com. R. 505; Tift v. Southern R. Co., 10 Interst. Com. R. 548; Illinois Central Railroad Company v. Interstate Commerce Commission, 206 U. S. 441, 27 Sup. Ct. 700, 51 L. Ed. 1128; Southern Railway Co. v. Tift, 206 U. S. 428, 27 Sup. Ct. 709, 51 L. Ed. 1124, 11 Ann. Cas. 846, to which reference is made for a history of the litigation. In the present case the defendant demurred to the declaration of the plaintiff. The demurrers were sustained and the suit was dismissed, and plaintiff prosecutes a writ of error to review the judgment.

G. Q. Hall, Hall & Jacobson, for plaintiff in error.
S. R. Prince, for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). We assume, without deciding, in view of the facts of the case, that the plaintiff had the right to resort to the courts to enforce his alleged claim for damages without first applying to the Interstate Commission for reparation. The question, however, is involved in doubt as will readily appear by referring to the cases of Texas & Pacific Railway Co. v. Abilene Cotton Oil Co., 204 U. S. 440, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075, and Robinson v. Baltimore & Ohio Railroad Company, 32 Sup. Ct. 114, 56 L. Ed. ——, 222 U. S. 506. The latter case was decided by the Supreme Court, January 9, 1912, and has not been officially reported.

Conceding the jurisdiction of the Circuit Court, the only important question submitted for our consideration is whether the plaintiff is entitled to recover because the defendant illegally increased its freight rate on yellow pine lumber. That the increase of the through rate of two cents per hundred pounds was illegal is clearly disclosed by the cases to which reference has been made in the foregoing statement. It, however, does not follow that the plaintiff has been damaged by the illegal charge. The declaration alleges that he was a millowner and manufacturer of lumber and owner of the lumber shipped, but there is a significant absence of allegations showing that he paid the freight on the shipments, or that it was paid by any one for him and on his account. Lest injustice be done the plaintiff, the contention of his counsel is reproduced in their own words, appearing on page 45 of their brief:

"In the instant case, the declaration alleges, as the wrong done, the extortion of two cents per hundred pounds more than was reasonable, and that his business was thereby injured to that extent, that is to say, the price and value of his lumber so shipped was reduced and diminished to the extent of two cents per hundred pounds, and that the wrong and injury so inflicted was in pursuance of an agreement, conspiracy, contract, and combination between plaintiff and connecting lines to advance the rates on yellow pine lumber two cents per one hundred pounds, or $10.00 per car, over and above the rate theretofore charged and collected as a reasonable and legitimate rate."

It is thus observed that the plaintiff does not base his right to recover on the ground that he paid the excessive rate charged, or that he was in any manner liable for its payment. But he proceeds upon the theory that the increased freight rate "reduced and diminished" the price and value of his lumber to the extent of two cents per hundred pounds, and hence that he suffered damage to that extent. To such contention we are unable to yield assent. The damages claimed are too remote, contingent, and speculative to form a basis for a judgment. To authorize a recovery, the damages must be the natural and proximate consequence of the act of which complaint is made. Thus in the language of the Supreme Court:

" 'The damage to be recovered must always be the natural and proximate consequence of the act complained of,' says Mr. Greenleaf (volume 2, par. 256); and 'the test is,' adds Chief Justice Beasley in Crater v. Binninger, 33 N. J. Law, 513, 518 [97 Am. Dec. 737], 'that those results are proximate which the wrongdoer from his position must have contemplated as the probable consequence of his fraud or breach of contract.' " Smith, v. Bolles, 132 U. S. 130, 10 Sup. Ct. 40, 33 L. Ed. 279.

The rule was clearly stated by the court, speaking through Mr. Justice Matthews, in Western Union Tel. Co. v. Hall, 124 U. S. 455, 8 Sup. Ct. 580, 31 L. Ed. 479:

"In Griffin v. Colver, 16 N. Y. 489, 495 [69 Am. Dec. 718], the rule was stated to be that 'the damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, they must be such as might naturally be expected to follow its violation, and they must be certain both in their nature and in respect to the cause from which they proceed. The familiar rules on this subject are all subordinate to these. For instance, that the damages must flow directly and naturally from the breach of contract is a mere mode of expressing the first, and that they must be not the remote but proximate consequence of such breach, and must not be speculative or contingent, are different modifications of the last.' In Booth v. Spuyten Duyvil Rolling Mills Co., 60 N. Y. 487, page 492, the rule was stated to be that 'the damages for which a party may recover for a breach of a contract are such as ordinarily and naturally flow from the nonperformance. They must be proximate and certain, or capable of certain ascertainment, and not remote, speculative, or contingent.' In White v. Miller, 71 N. Y. 118, 133 [27 Am. Rep. 13], it was said: 'Gains prevented, as well as losses sustained, may be recovered as damages for a breach of contract, when they can be rendered reasonably certain by evidence and have naturally resulted from the breach.' "

See, also, McGuire v. Gerstley, 204 U. S. at page 501, 27 Sup. Ct. 332, 51 L. Ed. 581.

Our view of the question is that the party who pays the freight or who is liable for its payment, whether he be the millowner, manufacturer, shipper, or consignee, is the one injured by an excessive freight charge and in him alone is vested the right to recover because of the illegal exaction. The Interstate Commission has so held in several cases, and we concur in the ruling thus made. Nicola, Stone & Myers Co. v. L. & N. R. R. Co., 14 Interst. Com. R. 207, 208, 209; Gamble Robinson Commission Company v. St. L. & S. F. R. R. Co., 19 Interst. Com. R. 116.

We are of the opinion that the demurrers were properly sustained, and the judgment is therefore affirmed.