**GULF, M. & N. R. CO. et al. v. MERCHANTS'
SPECIALTY CO. \***

**No. 6100.**

Circuit Court of Appeals, Fifth Circuit.

May 25, 1931.

Albert S. Bozeman, of Meridian, Miss.,
and Harry McCall and R. E. Milling, Jr.,
both of New Orleans, La. (Victor Leovy, of
New Orleans, La., on the brief), for appel-
lants.

Gabe Jacobson, of Meridian, Miss. (Chas.
B. Cameron and C. W. Hayward, both of
Meridian, Miss., on the brief), for appellee.

Before BRYAN, FOSTER, and HUTCH-
ESON, Circuit Judges.

\*Rehearing denied July 6, 1931.

BRYAN, Circuit Judge.

This is an action on an order of the In-
terstate Commerce Commission awarding
reparation on account of unreasonably high
freight rates collected by a carrier for the
transportation of salt from the mines in
Louisiana to point of destination in Missis-
sippi. It was brought by the consignee of the
salt, who recovered judgment.

The carrier appeals and relies on two
grounds for reversal. The first is that the
order of reparation was not final. That or-
der was issued by the commission March 11,
1929, and allowed appellant until April 26
following to make reparation. This action
was brought in the district court in Septem-
ber 1929, appellant having failed up to
that time to comply with the commission's or-
der by making reparation, or to apply for a
rehearing. In March, 1930, appellant filed
before the commission a petition for re-
hearing, which was granted in May of that
year. The Interstate Commerce Act pro-
vides that the commission may establish gen-
eral rules governing applications for rehear-
ings, but that no such application shall ex-
cuse a carrier from obeying any order of the
commission or operate to stay or postpone
the enforcement thereof without special or-
der; and that suit may be brought in the
appropriate district court and be prosecuted
in all respects like other civil suits for dam-
ages, if the carrier does not comply with an
order of the commission for the payment of
money within the time limit prescribed in
such order. 49 USCA §§ 16a and 16(2).
The order of reparation had become final
under a rule of the commission before this
suit was brought in so far as it affected appel-
lee's private rights concerning past trans-
actions. The commission's order granting the
rehearing after suit was brought could not
under the statute have the effect of depriving
the District Court of the right to proceed to
final judgment in the case before it. Baer
Bros. v. Denver, etc., R. R. Co., 233 U. S.
479, 34 S. Ct. 641, 58 L. Ed. 1055. Nor does
it appear that the commission intended by
granting a rehearing to do more than to con-
sider rates for the future.

The second ground of this appeal is that
the right of action, if any existed, accrued
to the shipper rather than to the consignee.
The shipper's invoice named a unit price at
destination, but there was deducted the
amount of the freight charges which was
stated to be for the consignee's account. The
consignee paid the freight and had no claim
against the shipper for reimbursement. It

was therefore entitled to sue. Davis v. Mobile & Ohio R. R. Co. (C. C. A.) 194 F. 374.

The judgment is affirmed.